CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 18 2005

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BELLAGIO INSURANCE, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 7:03cv00557 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION & ORDER** |
| | ) | |
| DIGITAL BROADCAST CORPORATION, | ) | |
| | ) | By: Samuel G. Wilson |
| | ) | United States District Judge |
| Defendant. | ) | |

This matter is before the court on the motion of Bellagio Insurance, Ltd. (Bellagio), to alter or amend the court's March 23, 2005, judgment in favor of Bellagio and against the Defendant, Digital Broadcast Corporation (DBC). Bellagio asks the court to clarify its resolution of Bellagio's detinue claim and to clarify the court's decision as to pre- and post-judgment interest. For the reasons stated herein, the court denies Bellagio's motion to alter or amend.

**I.**

In its complaint, Bellagio brought a claim it styled as an action in detinue, seeking possession of certain transmitters attached as collateral for the loans in question. Bellagio neither briefed this claim nor argued it at trial. Bellagio now asks the court to clarify its resolution of that claim. The court finds that Bellagio has waived the detinue claim and, therefore, has not established a right to possession of the transmitters.

**II.**

Bellagio has also asked the court to alter its judgment to clarify its decision as to pre- and post-judgment interest. The court denies Bellagio's motion. The court made clear in its memorandum opinion and judgment that it was awarding Bellagio damages equal to the loan

principals plus interest at 10% per annum from the dates of execution up to the date of entry of the court's final judgment.

As for post-judgment interest, federal law governs the accrual of interest beyond the date of the court's judgment, see 28 U.S.C. § 1961, and post-judgment interest begins to accrue on the date the court enters its judgment, regardless of whether the "judgment expressly includes it." See White v. Bloomberg, 501 F.2d 1379, 1386 (4th Cir. 1974) ("[P]ost-judgment interest is a normal incident of suits for damages . . . ."); Waggoner v. R. McGray, Inc., 743 F.2d 643 (9th Cir. 1984) ("Interest accrues from the date of a judgment whether or not the judgment expressly includes it, because 'such interest follows as a legal incident from the statute providing for it.'") (quoting Blair v. Durham, 139 F.2d 260, 261 (6th Cir.1943)). Thus, per statute, post-judgment interest automatically began to accrue on the date the court entered its judgment at "a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961.

### III.

For the reasons stated herein, it is **ORDERED** and **ADJUDGED** that Bellagio's motion to alter or amend is **DENIED**.

ENTER: This 18th day of May, 2005.

_____
UNITED STATES DISTRICT JUDGE

2